Filed 05/09/05  Case 05-09024  2005-09024 Doc 1
FILED
May 09, 2005
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0000169655

6
Allen C. Massey - 172024
Antonia G. Darling - 76190
UNITED STATES DEPARTMENT OF JUSTICE
Office of the United States Trustee
501 "I" Street, Suite 7-500
Sacramento, CA 95814
(916) 930-2100/Fax (916) 930-2099

Attorneys for Sara L. Kistler,
 Acting United States Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re:                                    Case No.   04-94176-D-7

Philip & Cheryl Mann,

               Debtors.
_____/

United States Trustee,

               Plaintiff,

v.

Foreclosure Assistance Solutions LLC,

               Defendant.
_____/

**COMPLAINT
TO ENJOIN DEFENDANT FROM
ACTING AS A BANKRUPTCY PETITION PREPARER
AND FOR FINES AND DISGORGEMENT OF FEES**

1.  This adversary proceeding arises under title 11, United States Code, and is related to captioned bankruptcy case, filed in the Eastern District of California (Modesto Division) under chapter 7 of title 11 on November 16, 2004.

2.  This court has jurisdiction over this "core" proceeding pursuant to 28 U.S.C. §§ 157(b).

3.  Plaintiff is the United States Trustee for Region 17, which includes the Eastern District of California.

4.  Defendant is Foreclosure Assistance Solutions LLC ("FAS"), a Florida Limited

|   |   |   |
|---|---|---|
| 1 |   | Liability Company, whose principal address is 2465 McMullen Booth Road, Suite |
| 2 |   | J, Clearwater, FL 33759, whose Registered Agent is Tolan Donald (or Donald |
| 3 |   | Tolan) at the same address, and whose Managing Member is Adolfo Quintero at |
| 4 |   | 2480 Irvine Boulevard, #104, Tustin, CA 92782. |
| 5 | 5. | Defendant, through its agents or employees, has prepared for compensation |
| 6 |   | bankruptcy documents for filing for captioned Debtors and other debtors in the |
| 7 |   | Eastern District of California. |
| 8 | 6. | Defendant is a "bankruptcy petition preparer" as defined at 11 U.S.C. § |
| 9 |   | 110(a)(1). |

## THE STEWART CASE

|   |   |   |
|---|---|---|
| 11 | 7. | In or about 2003-2004, Defendant prepared bankruptcy documents for the |
| 12 |   | debtors in what became Eastern District of California case number 03-33974-A- |
| 13 |   | 13, *in re David L. and Denise D. Stewart* ("the Stewart Case"). |
| 14 | 8. | Defendant did not disclose anywhere in the bankruptcy documents prepared for |
| 15 |   | the Stewarts that Defendant had prepared them. |
| 16 | 9. | Defendant did not file, in the Stewart Case, a declaration under penalty of perjury |
| 17 |   | disclosing the $950 fee obtained from the Stewarts. |
| 18 | 10. | On March 11, 2004, the United States Trustee filed, in the Stewart Case, and |
| 19 |   | served on Defendant, a motion ("the U.S. Trustee Motion") requesting |
| 20 |   | disgorgement of fees from and fines against Defendant for violations of 11 |
| 21 |   | U.S.C. § 110, the violations asserted therein being Defendant's taking an |
| 22 |   | excessive fee, Defendant's failure to sign and print the preparer's name and |
| 23 |   | address on the bankruptcy documents, and Defendant's failure to place the |
| 24 |   | preparer's identifying number on the bankruptcy documents. |
| 25 | 11. | On March 17, 18, 23, and 25, 2004, telephonic discussions initiated by |
| 26 |   | Defendant's agent or employee with an U.S. Trustee employee occurred |
| 27 |   | regarding the U.S. Trustee Motion. |
| 28 | 12. | On March 25, 2004, it was agreed between the U.S. Trustee employee and |

| | |
|---|---|
| 1 | Defendant's agent or employee that if Defendant provided a $925 Cashier's |
| 2 | Check, representing Defendant's fee collected from the Stewarts, that the U.S. |
| 3 | Trustee Motion would be dismissed. |

Defendant's agent or employee that if Defendant provided a $925 Cashier's Check, representing Defendant's fee collected from the Stewarts, that the U.S. Trustee Motion would be dismissed.

13. Subsequent to March 25, 2004, Defendant provided to the U.S. Trustee employee a $950 Cashier's Check payable to Mrs. Stewart.

14. On April 5, 2004, the U.S. Trustee Motion was voluntarily dismissed.

## THE CAPTIONED CASE

15. On or after April 6, 2004, Philip and Cheryl Mann ("Captioned Debtors") received from Defendant an advertisement that included the following statements, among others: "YOU MAY LOSE LEGAL RIGHTS TO YOUR HOME IF YOU DO NOT ACT NOW;" "WE WORK FOR YOU WITH YOUR LENDER TO DEFEND YOUR RIGHTS AND TO SAVE YOUR HOME;" and "Call 1-888-867-2854 Immediately to Stop Foreclosure & Save your Home Now!!"

16. On June 22, 2004, Captioned Debtors paid Defendant $1,200.

17. On or before November 16, 2004, Defendant prepared bankruptcy papers for Captioned Debtors to include the Voluntary Petition, Schedules A through J, the Statement of Financial Affairs, and the Chapter 7 Individual Debtor's Statement of Intention ("Captioned Debtors' Documents").

18. Though informed that Captioned Debtors had received a discharge on March 21, 2001, in a prior bankruptcy case numbered 00-94576-A-7, Defendant entered "None" on the Voluntary Petition where it asked for "Prior Bankruptcy Case Filed Within Last 6 Years."

19. Defendant did not disclose anywhere in Captioned Debtors' Documents that Defendant had prepared them.

20. Defendant did not include the signature and printed name and address of the preparer on any of Captioned Debtors' Documents.

21. Defendant did not place the preparer's identifying number on any of Captioned Debtors' Documents.

3

22. On November 16, 2004, Captioned Debtors' Documents were filed with the Bankruptcy Court in Modesto, the resulting case being designated case number 04-94176-D-7, *In re Philip and Cheryl Lee Mann* ("the Mann Case").

23. Defendant did not file, in the Mann Case, a declaration under penalty of perjury disclosing the fee received from Captioned Debtors.

24. On February 3, 2005, this court entered judgment against Captioned Debtors denying their discharge, pursuant to 11 U.S.C. § 727(a)(8), because they had been granted a discharge in a case commenced within six years before the date of the filing of their latest Voluntary Petition.

### FIRST CLAIM FOR RELIEF (FINES OF $2,000)

25. By not signing and printing the preparer's name and address on any of Captioned Debtors' Documents, Defendant violated 11 U.S.C. § 110(b)(1).

26. Pursuant to § 110(b)(2), Defendant should therefore be assessed a $500 fine for each of four documents that did not include the signature of the preparer and the preparer's printed name and address ($2,000 total).

### SECOND CLAIM FOR RELIEF (FINES OF $2,000)

27. By not placing the preparer's identifying number on any of Captioned Debtors' Documents, Defendant violated 11 U.S.C. § 110(c)(1).

28. Pursuant to § 110(c)(3), Defendant should therefore be assessed a $500 fine for each of four documents Defendant failed to place the preparer's identifying number on ($2,000 total).

### THIRD CLAIM FOR RELIEF (FINE OF $500)

29. By using the word "legal" in Defendant's advertisement, Defendant violated 11 U.S.C. § 110(f)(1).

30. Pursuant to § 110(f)(2), Defendant should therefore be assessed a $500 fine.

### FOURTH CLAIM FOR RELIEF (DISGORGEMENT OF $1,200 FEE)

31. By not filing a declaration under penalty of perjury disclosing the fee received from Captioned Debtors, Defendant violated 11 U.S.C. § 110(h)(1).

4

| | |
|---|---|
| 32. | By charging Captioned Debtors $1,200, Defendant well exceeded "The Guidelines Pertaining to Bankruptcy Petition Preparers in Eastern District of California Cases" which provides that "(t)he fee paid by the debtor to a bankruptcy petition preparer for typing and filing a bankruptcy petition may not exceed $125.00, including expenses (such as photocopies, postage, telephone charges, and courier services)." |
| 33. | By ignoring that Captioned Debtors had been granted a discharge in a case commenced within six years before the date of the filing of their latest Voluntary Petition, Defendant's services to Captioned Debtors were rendered worthless. |
| 34. | Pursuant to § 110(h)(2), Defendant should disgorge their $1,200 fee. |

### FIFTH CLAIM FOR RELIEF (INJUNCTION)

| | |
|---|---|
| 35. | By not disclosing anywhere, in the Stewart Case and the Mann Case documents, that Defendant was the preparer of those documents, Defendant engaged in fraudulent, unfair, or deceptive conduct. |
| 36. | By not disclosing anywhere in the Mann Case documents that Defendant was the preparer of those documents, after receiving notice that not doing so in the Stewart case violated 11 U.S.C. § 110, Defendant has continued to engage in fraudulent, unfair, or deceptive conduct and an injunction prohibiting Defendant from such conduct would not be sufficient to prevent its interference with the proper administration of the Bankruptcy Code. |
| 37. | Because Defendant has continued to engage in fraudulent, unfair, or deceptive conduct, Defendant, its agents, servants, employees, associates, and all persons in active concert and participation with each of them, should be permanently enjoined from preparing or assisting in the preparation of, or giving advice pertaining to, or filing of, bankruptcy petitions or any other bankruptcy-related documents, pursuant to 11 U.S.C. § 110(j). |

*****

WHEREFORE, the court should enter judgment against Defendant granting the

injunction, disgorgement of $1,200, and fines totaling $4,500 requested herein.

Respectfully submitted,

Dated: May 9, 2005

/s/ Allen C. Massey
Attorney for the United States Trustee
al.c.massey@usdoj.gov